UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SHAWN HOUSTON,

                    Plaintiff,                              Case No. 1:12-cv-299

v.                                                          Honorable Robert Holmes Bell

UNKNOWN McDANIELS et al.,

                    Defendants.

_____/

## OPINION

          This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro*

*se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure

to state a claim against Defendants D. Pratt and Shirlee Harry. The Court will serve the complaint

against Defendant (unknown) McDaniels.

**Discussion**

I.      Factual allegations

Plaintiff Shawn Houston presently is incarcerated with the Michigan Department of Corrections and housed at the Earnest C. Brooks Correctional Facility, though the actions about which he complains occurred while he was housed at the Pugsley Correctional Facility (MPF). Plaintiff sues the following MPF officials:  Correctional Officer (unknown) McDaniels, Deputy Warden D. Pratt, and Warden Shirlee Harry.

According to the complaint, at approximately 3:30 a.m. on June 4, 2011, Defendant McDaniels woke Plaintiff in his cell and ordered him to come to the officer's station.  Plaintiff was directed into the officer's bathroom, where he was ordered to strip for a search.  After he was undressed, Petitioner was ordered to "turn around and bend over and spre[a]d." (Compl., docket #1, Page ID#3.)  McDaniels then allegedly unzipped his own pants and penetrated Plaintiff's anus with his penis.  Plaintiff told McDaniels to stop, but Defendant would not stop.  After the rape, Plaintiff was ordered to say nothing under threat that either McDaniels or an officer friend would "set [Plaintiff] up" and prevent him from ever going home.  (*Id.*)  Plaintiff alleges that he filed a grievance, but that neither Defendant Pratt nor Defendant Harry did anything.

Plaintiff alleges that Defendants violated the Eighth Amendment by subjecting him to cruel and unusual punishment.  He seeks compensatory and punitive damages.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Pratt and Harry, other than his claim that they failed to adequately investigate or respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Pratt and Harry engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court concludes that Plaintiff's allegations against Defendant McDaniels are sufficient to warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Pratt and Harry will be dismissed for failure to state a claim pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the

complaint against Defendant McDaniels.

        An Order consistent with this Opinion will be entered.


Date:    <u>May 18, 2012</u>                             /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE