UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHAWN HOUSTON, # 281316,  )
  )
          Plaintiff,  )  Case No. 1:12-cv-299
  )
v.  )  Honorable Robert Holmes Bell
  )
KEVIN McDANIEL,  )
  )  **REPORT AND RECOMMENDATION**
          Defendant.  )
_____  )

        This is a civil action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's *pro se* complaint arises out of an event that plaintiff alleges occurred at the Pugsley Correctional Facility (MPF) on June 4, 2011, at approximately 3:30 a.m. Plaintiff alleges that Kevin McDaniel, a corrections officer, awoke him in the middle of the night, ordered him to come to the officer's station, directed him to the officer's bathroom, and ordered him to strip for a search. He alleges that McDaniel thereafter raped him and ordered him to say nothing. He filed a grievance, and the matter was thereafter investigated by the Michigan State Police. On March 27, 2012, plaintiff filed his complaint alleging that defendant violated his Eighth Amendment rights. He seeks an award of damages against defendant in his personal and official capacities. (Compl. at 5, ¶ II(B), docket # 1, ID# 2).

        On May 8, 2013, Officer McDaniel filed a motion for summary judgment supported by affidavits and other evidence showing that he was not at the prison when the rape allegedly occurred. (docket # 12). Although the motion for summary judgment has been pending for almost

a year, plaintiff has elected not to file a response. For the reasons set forth herein, I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice, because it is barred by Eleventh Amendment immunity.[1] I further recommend that defendant's motion for summary judgment be granted and that judgment be entered in defendant's favor on plaintiff's claim.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden

---

[1] The recommendation for dismissal for seeking monetary relief against an immune defendant is made under statutory authority. *See* 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 427 (6th Cir. 2013). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013).

Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendant's motion to ensure that he discharged his burden.

**Proposed Findings of Fact**

The following facts are established by the evidence of record beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). On June 4, 2011, he was an inmate at the Pugsley Correctional Facility (MPF).[2] (Compl. at 4-5, ID#s 1-2).

---

[2]Plaintiff's complaint is verified under penalty of perjury. It is considered as an affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine*

Kevin McDaniel is employed by the MDOC as a corrections officer at MPF. (McDaniel Aff. ¶ 1, docket # 14, ID # 56).

On June 6, 2011, plaintiff filed a grievance alleging that at about 3:30 a.m. on June 4, Officer McDaniel woke him up, ordered him to come with him to the officer's bathroom, ordered him to strip, and then raped him. (Grievance, docket # 1-1, ID# 6). Plaintiff told the prison inspector that inmate Jones had witnessed McDaniel taking plaintiff from his cell. The Michigan State Police conducted a prompt investigation. Prisoner Jones, the inmate who allegedly witnessed part of the event, disclosed that plaintiff had been upset with Officer McDaniel, because he had recently written a misconduct ticket against plaintiff. Jones averred that no corrections officer came into the room around 3:30 a.m., and that plaintiff was never escorted from that room to any other location. No sexual assault of any kind had taken place. (Jones Decl. ¶¶ 1-3, docket # 13, ID#s 48-49). Prisoner Ricketts averred that on June 6, 2011, plaintiff had asked him about what sort of trouble he would get into if a lie about being raped by a corrections officer was discovered. (Ricketts Aff. ¶¶ 1-2, docket # 13-2, ID#s 51-52).

On March 27, 2012, plaintiff filed this lawsuit, alleging that Officer McDaniel and others had violated his Eighth Amendment rights.[3] (Compl., docket # 1). His complaint generally repeats the allegations found in his grievance (being awakened on June 4, 2011, at approximately 3:30 a.m., followed by a somewhat lengthy series of events, which eventually led to his being raped

---

*v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

[3]All plaintiff's claims against the other named defendants were dismissed on May 18, 2012. (docket #s 4, 5).

and warned not to report the incident). Plaintiff's complaint expands his purported post-incident conversation with his attacker, such that it now includes a new threat warning plaintiff not to file health care kites. (*Id.* at 6). There is no evidence that plaintiff requested any form of medical care after the alleged incident. There is no medical evidence supporting his claim that he was raped. He presents no medical evidence of any kind in support of his claim.

On the workday in question, Officer McDaniel arrived early and punched out early. This is corroborated by prison time records. (K. McDaniel Aff. ¶¶ 2-3, docket # 14, ID#s 56-59). McDaniel's daughter was graduating on June 4, 2011. He and his wife were entertaining out-of-town guests who came for the occasion. (M. McDaniel Aff. ¶¶ 1, 2, docket # 21-2, ID# 86; K. McDaniel Aff. ¶¶ 1-3, docket # 21-1, ID# 83).

Officer Thompson relieved McDaniel at 1:55 a.m. on June 4, 2011, more than an hour and a half before plaintiff claims to have been awakened. (Thompson Aff. ¶ 2 and 6/4/11 logbook, docket # 15, ID#s 62-64). McDaniel punched out and left the prison at 2:02 a.m. (K. McDaniel Aff. ¶¶ 2-3, and time sheet, ID#s 56-58). Kevin McDaniel arrived at home about 2:15 a.m. Mrs. McDaniel and some of the guests were still awake when he arrived. (M. McDaniel Aff. ¶¶ 1, 2, ID# 86; K. McDaniel Aff. ¶¶ 1-3, ID# 83). Kevin McDaniel was at home and had been at home for more than an hour and fifteen minutes before the sexual assault against plaintiff is alleged to have occurred. (K. McDaniel Aff. ¶¶ 2, 4-5, ID#s 57, 83).

## Discussion

### I. Official Capacity Claim

Plaintiff's claim for damages against defendant in his official capacity is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant is entitled to dismissal with prejudice of plaintiff's claim for monetary damages against him in his official capacity.

### II. Individual Capacity Claim

Plaintiff alleges that defendant raped him on June 4, 2011, at 3:30 a.m. Plaintiff has always been very specific about the date and circumstances of the alleged attack. Defendant has presented compelling evidence that he left the prison long before the alleged attack occurred. There is no physical evidence of any attack. Plaintiff's own fellow prisoners, when questioned by the State Police, indicated that no attack occurred and that plaintiff's claims were fabricated. When defendant moved for summary judgment, plaintiff elected to ignore rather than engage the evidence from other

prisoners that his rape allegation was a complete fabrication designed to punish defendant for enforcing prison rules.

Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. at 323-25. When faced with defendant's well-supported motion, plaintiff was required to come forward with evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d at 1478. The scintilla of evidence provided by his complaint is insufficient. On this record, no reasonable trier of fact could find that defendant violated plaintiff's Eighth Amendment rights. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d at 549.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity. I further recommend that defendant's motion for summary judgment (docket # 12) be granted and that judgment be entered in defendant's favor on plaintiff's claim.

Dated: March 18, 2014  /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).